UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>KARTEZ LEON JAMES, JR.,<br><br>                    Defendant. | CASE NO. 2:24-cr-00015-LK<br><br>ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on Defendant Kartez James, Jr.'s Motion to Seal Document. Dkt. No. 32. Mr. James seeks to seal Exhibit 1 to his Sentencing Memorandum, which is a mitigation report by Kelly Trujillo, LICSW. Dkt. No. 34. Mr. James represents that, "[d]ue to the nature and extent of the [sensitive] information" contained in Exhibit 1, "it would not be possible to redact the exhibit." Dkt. No. 32 at 1. The Government has not opposed the motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). District courts therefore "start with a strong presumption in favor of

1    access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Despite the public's right to access documents in criminal proceedings, a document may remain under seal when (1) sealing a document serves a compelling interest (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

       As Mr. James describes, the report at issue here contains confidential personally identifiable information (PII), including Mr. James's medical information, information concerning his victimization as a child, his juvenile record, and photos of relatives who are minors. Dkt. No. 32 at 1; *see also* Dkt. No. 34. Protecting Mr. James's and others' privacy serves a compelling interest that would be harmed by public disclosure. *See, e.g.*, *Parson*, 2022 WL 558221, at *3 (finding compelling reasons to seal medical records to protect the defendant's privacy); *United States v. Jefferson*, No. 2:23-CR-00109-LK, 2025 WL 1070510, at *1–2 (W.D. Wash. Apr. 9, 2025) (sealing defendant's non-public records containing sensitive personal information); *Mubita v. Blades*, No. 1:08-CV-00310-BLW, 2015 WL 2064476, at *4 (D. Idaho May 4, 2015) (sealing documents containing photos of minors). There are no less restrictive means to protect Mr. James's privacy. Therefore, the Court GRANTS the motion to seal. Dkt. No. 32. Exhibit 1, Dkt. No. 34, may remain under seal.

       Dated this 3rd day of September, 2025.

*Lauren King*
Lauren King
United States District Judge

ORDER GRANTING MOTION TO SEAL - 2